UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 4:19CR00181-1 |
| | ) | |
| CONRAD ROCKENHAUS | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Now Comes CONRAD ROCKENHAUS, by and through his undersigned attorney, and submits the following memorandum:

*Issues Addressed*

On August 14, 2019. Defendant was charged, in a single indictment, with Intentional Damage to a Protected Computer, in violation of 18 U.S.C. Section 1030(a)(5)(A). Defendant previously appeared before Magistrate Judge Christina A. Nowack and pled guilty to Count I of the Indictment, pursuant to a binding Rule 11(c)(1)(C) Plea Agreement. Pursuant to the Plea Agreement, Defendant was to serve a term of 18 months imprisonment followed by a term of 3 years supervised release.

*Applicable Law*

18 U.S.C. Section 3553 addresses the factors to address when imposing a sentence, which include:

(a) Factors to be considered in imposing a sentence.
The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph two (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
  (1) The nature and circumstances of the offense and the history and characteristics of the defendant;

> (2) The need for the sentence imposed –
>    - (A) To reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;
>    - (B) To afford adequate deterrence to criminal conduct;
>    - (C) To protect the public from further crimes of the defendant; and
>    - (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> …
>
> (b) Application of guidelines in imposing sentence.
>    (1) In general. — Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenders, and to the applicable policy statements of the Sentencing Commission.

*Discussion*

The base offense level in this case was 6. Defendant received a 14-level increase based on lost revenue and recovery and remediation costs. Defendant also received a 2-level increase for engaging in or causing conduct constituting

sophisticated means, and a 4-level increase for a conviction under 18 U.S.C. Section 1030(a)(5)(A). Defendant's offense level was adjusted to 26. Defendant's total criminal history score is 6, which results in a guideline range of 78-97 months. The agreed upon sentence of 18 months imprisonment falls below the guideline range; Defendant suggests this sentence is still warranted and asks the court to honor his guilty plea.

Defendant suggests his mental and psychological history is a significant issue which must be taken into consideration. As reflected in the PSR Defendant served in the Navy for over 10 years.[1] He suffered a traumatic brain injury in 2006 while serving in the Navy and was discharged as a result of his mental health issues.[2] Upon release from the Navy, Defendant was diagnosed with Post Traumatic Stress Disorder, Anxiety Disorder and Bipolar Depression. As a result, he takes a number of medications, including Lithium, Effexor, Abilify and Topiramate.

Defendant suggests his conduct in this case was at least partially attributed to his mental illness.[3] While Defendant does not claim he was insane or otherwise not legally responsible, his mental health and ability to make rational decisions certainly factored into his conduct. This was not a crime motivated by greed or an attempt to gain any type of financial compensation; instead, it was entirely motivated by his anger over the way he had been treated by his employer.

Prior to entering his guilty plea Defendant was referred for the purpose of conducting a competency examination. He was transferred to the Medical Unit at

---

[1] He followed in the footsteps of his father, who also served in the United States Navy.
[2] Defendant reported being exposed to approximately four explosive blasts from IED's.
[3] It is worth noting that Defendant received a "bad conduct" discharge from the Navy following court martial proceedings. That was reclassified as "honorable" after it was determined that his actions leading to the court martial were found to be a result of his mental illness.

Forth Worth and an examination was performed by Dr. Samuel Browning. He was found to be competent to stand trial. However, he was also diagnosed as having bipolar I disorder, along with a "mild neurocognitive disorder." A report was issued April 20, 2021, with those findings, along with a discussion of the issues that have impacted Defendant's mental health.

In evaluating the Rule 11 agreement Defendant recognizes that there is difference between the recommended range and the agreed sentence. Defendant suggests that one of the reasons for the agreement was Defendant's mental health and a desire to ensure that he received treatment to address his issues. Additionally, as noted above, there is no doubt his mental status was a factor in the offense he committed. Finally, Defendant suggests the Court should consider the complexity of the case and the interest in resolving it in this manner.

WHEREFORE PREMISES CONSIDERED, Defendant respectfully prays the Court impose a sentence honoring Defendant's Rule 11(c)(1)(C) Plea Agreement.

Respectfully submitted,

_____
Walter M. Reaves, Jr.
100 N. 6th Street, Suite 902
Waco, Texas 76701
Tel: (254) 296-0020
State Bar No. 16644200
wmreaves@reaveslegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to Anand Varadarajan, Assistant United States Attorney, on this 18th day of March 2022.

_____
Walter M. Reaves, Jr.